Case 15-10206-TPA    Doc 91    Filed 05/10/19    Entered 05/11/19 00:53:40    Desc Imaged
Certificate of Notice    Page 1 of 6

FILED
5/8/19 8:49 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

JOSEPH B. HOLMBERG and : Case No. 15-10206-TPA
TARA N. HOLMBERG, :
   *Debtors* : Chapter 13
 :
JOSEPH B. HOLMBERG and : Related to Doc. Nos. 72, 79, 85, 86
TARA N. HOLMBERG, :
   *Movants* : Hearing: June 12, 2019 at 10:00 A.M.
 :
v. :
 :
PNC BANK, N.A. and RONDA J. :
WINNECOUR, CH. 13 TRUSTEE, :
   *Respondents*

## ORDER TO SHOW CAUSE

The present matter concerns a *Notice of Mortgage Payment Change* ("Notice") filed by Respondent PNC Bank, N.A. ("PNC") on December 27, 2018 at Doc. No. 72. PNC checked Part 3, the "Other Payment Change" block on the *Notice* form and indicated that due to a "principal change" the Debtors' monthly mortgage payment would be reduced from $1,760.61 to $10.36 effective January 21, 2019. The *Notice* was signed by Anthony Mullins, identified as a "Support Specialist" at PNC. Attached as an exhibit to the *Notice* was what appears to be the original note from back in 2003 indicating a loan amount of $35,600[1] and monthly payments of $315.96. No further explanation for the indicated payment change, or for the discrepancy between the *Notice* and the attached loan documents as to the monthly loan payment amount, was provided.

---

[1] A one page "disclosure statement" accompanying the note shows the loan amount as $35,500.

1

On January 17, 2019, the Debtors filed a Declaration at Doc. No. 73 in response to the *Notice*, indicating that the current Chapter 13 plan was sufficient to fund the plan going forward. Then, however, on March 25, 2019, the Debtors filed a *Motion to Withdraw Debtors' Declaration Regarding Notice of Mortgage Payment Change* ("Motion") at Doc. No. 78. The *Motion* stated that the Debtors were withdrawing the Declaration because it was filed in error. That same date the Debtors also filed an *Objection* to the *Notice* raising as an issue where the $1,760.61 figure stated in the *Notice* came from, and pointing out that it did not match the $315.96 the Trustee had been paying PNC since the case was filed. In an Order dated March 27, 2019 at Doc. No. 81 the Court set a deadline of May 1, 2019, for PNC to respond to the *Objection* and scheduled a hearing on it for June 12, 2019.

On April 4, 2019, the Trustee filed a *Notice that Mortgage Claim has been Paid in Full* at Doc. No. 84, stating that she believed PNC's claim had been fully paid so she would not be making any further payments on it.

On April 8, 2019, PNC filed a document entitled *Notice of Withdrawal of Notice of Payment Change* ("Notice of Withdrawal") at Doc. No. 85. The *Notice of Withdrawal* was signed by someone named Judy Borkey of PNC, and it stated that the PNC was withdrawing the *Notice* "due to being filed incorrectly." The Court entered an Order dated April 9, 2019 at Doc. No. 86 dismissing the *Notice of Withdrawal* because it had been filed by a non-attorney and a non-Limited

2

Filing User.[2] The April 9th Order further provided that the dismissal was without prejudice in that the *Notice of Withdrawal* could be refiled by an attorney provided such was done in a timely manner, but that has never been done.

On May 2, 2019, the Debtors filed a Certificate of No Objection ("CNO"), Doc. No. 88, stating that the May 1st response deadline on the *Objection* had passed and no response to the *Objection* has been filed. In many instances, with the filing of the CNO the Court would just grant the *Objection* and dismiss the *Notice* at this time, thus cancelling the June 12th hearing. However, this is an atypical case in that the Court finds many aspects of what has happened here to be puzzling, or troubling, or both. Among the questions the Court would like answered are:

(1) How did the *Notice* come to be filed incorrectly in the first place, particularly since the purported payment amount stated therein seems clearly erroneous on its face in light of the attached loan document?

(2) What steps, if any, has PNC taken to make sure this sort of incorrect filing does not happen again?

(3) Why did PNC think it could file the *Withdrawal of Notice* by a non-attorney and non-Limited Filing User?

(4) Why did PNC not refile the *Withdrawal of Notice* by an attorney if it knew, and in fact has admitted, that the *Notice* was filed incorrectly?

(5) Why did PNC not respond to the *Objection* by the May 1st deadline for doing so?

---

[2] *See, W.Pa. LBR 5005-3* which authorizes the category of Limited Filing Users and proscribes what documents they are permitted to file, which list does not include withdrawals of notices of mortgage payment changes.

3

(6) Has PNC made any effort to contact Debtors' attorney to explain the reason for the erroneous filing of the *Notice* and to express any consent to a grant of the *Objection*?

(7) Does the filing of the *Notice*, and the subsequent failure to properly withdraw it when it was admittedly filed incorrectly, raise any *Fed.R.Bankr.P. 9011* sanction issues?

The Court will therefore go forward with the June 12th hearing on the *Objection*, as scheduled, and will also issue an ***Order to Show Cause*** on the two individuals from PNC who filed the *Notice* and the *Withdrawal of Notice*, as well as the head of the PNC Bankruptcy Department, to appear at that time and address the Court's concerns.

***AND NOW***, this *7th* day of ***May, 2019***, for the reasons stated above, it is ***ORDERED, ADJUDGED*** and ***DECREED*** that,

(1) The hearing on the *Objection* previously scheduled for ***June 12, 2019 at 10:00 A.M.*** in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 S. Park Row, Erie, Pa. 16501 shall proceed as scheduled.

(2) ***Anthony Mullins*** and ***Judy Borkey*** shall both ***personally appear*** at the June 12th hearing to respond to any questions the Court may have as to the filing of the *Notice* and the *Withdrawal of Notice*.

(3) The Supervisor of the PNC Bankruptcy Department for the geographical area encompassed by the Western District of Pennsylvania shall ***personally appear*** at the June 12th hearing and show cause why PNC should not be sanctioned by monetary penalty or other-

4

wise for filing an incorrect *Notice* and then not taking the proper steps to withdraw it once it became aware that the *Notice* had been incorrectly filed.

(4)   **On or before June 5, 2019, PNC** shall file a notice stating the name and job title of the person who will be appearing at the June 12th hearing as required by Paragraph 3 of this Order.[3]

                                                Thomas P. Agresti, Judge
                                                United States Bankruptcy Court

Case administrator to serve:
    Daniel Foster, Esq.
    Ronda Winnecour, Esq.
    Debtors

    Sent via U.S. mail:
    Anthony Mullins, PNC Bank, N.A., P.O. Box 94982, Cleveland, OH 44101-0570
    Judy Borkey , PNC Bank, N.A., P.O. Box 94982, Cleveland, OH 44101-4982
    Kelly Yuzwa, PNC Bank, N.A.,  P.O. Box 94982, Cleveland, OH 44101
    PNC Bank, Supervisor Bankruptcy Dept., P.O. Box 94982, Cleveland, OH 44101

---

[3] PNC is cautioned that the document required to be filed by Paragraph 4 of this Order is not among those permitted to be filed by a Limited Filing User and will thus need to be filed by an attorney properly admitted to practice before this Court.

5

```
                                United States Bankruptcy Court
                                Western District of Pennsylvania
In re:                                                                  Case No. 15-10206-TPA
Joseph B. Holmberg                                                      Chapter 13
Tara N. Holmberg
          Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-1           User: lfin                   Page 1 of 1                 Date Rcvd: May 08, 2019
                               Form ID: pdf900              Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 10, 2019.
db/jdb         +Joseph B. Holmberg,    Tara N. Holmberg,    2272 Jackson Run Road,    Warren, PA 16365-7102

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2019                                 Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 8, 2019 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor    M&T BANK andygornall@latouflawfirm.com
              Daniel P. Foster    on behalf of Joint Debtor Tara N. Holmberg dan@mrdebtbuster.com,
               clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
              Daniel P. Foster    on behalf of Debtor Joseph B. Holmberg dan@mrdebtbuster.com,
               clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
              James Warmbrodt    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Green Tree Servicing, LLC pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 7